*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMEEN AL-GAHMI,

       Plaintiff-Appellee,

v

SADIK AL-JAHMI, MICHIGAN AUTOMOBILE
INSURANCE PLACEMENT FACILITY, and
GREAT AMERICAN ASSURANCE COMPANY
also known as GREAT AMERICAN INSURANCE
COMPANY,

       Defendants,

and

AMERISURE MUTUAL INSURANCE
COMPANY,

       Defendant-Appellant.

UNPUBLISHED
September 14, 2023

No. 361932
Wayne Circuit Court
LC No. 21-008780-NI

---

AMEEN AL-GAHMI,

       Plaintiff-Appellee,

v

SADIK AL-JAHMI, MICHIGAN AUTOMOBILE
INSURANCE PLACEMENT FACILITY, and
AMERISURE MUTUAL INSURANCE
COMPANY,

       Defendants,

and

No. 361934
Wayne Circuit Court
LC No. 21-008780-NI

-1-

GREAT AMERICAN ASSURANCE COMPANY
also known as GREAT AMERICAN INSURANCE
COMPANY,

Defendant-Appellant.

_____

Before:  GLEICHER, C.J., and JANSEN and RICK, JJ.

JANSEN, J. (*concurring*).

I concur in the conclusion reached by the majority opinion to reverse the trial court orders denying the insurers summary disposition, and remand for entry of orders dismissing the claims. I write separately to admonish the trial court's use and entry of a form order to resolve summary disposition, particularly where no oral argument was held.  The orders appealed from in these consolidated cases merely check the box for "DENIED," do not indicate that a written or oral decision will be rendered, and include no written explanation or analysis as to why summary disposition was denied.  As such, there is no indication under which subrule of MCR 2.116(C) summary disposition was even decided.  It is well established that the trial court may not weigh the evidence, make determinations of credibility, or make findings of fact when deciding a motion for summary disposition.  *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). However, the usage of the form order with merely a checklist of possible outcomes is improper procedure, which the trial court has been cautioned against using before this case.  This falls far short of the trial court's responsibility to decide motions for summary disposition, and should not be used in the future.[1]

/s/ Kathleen Jansen

_____

[1] In a previous instance where the trial court gave no reason or basis for deciding a motion for summary disposition, this Court determined that it could not perform its de novo review or rule on the propriety of the disposition, and therefore vacated the judgment and remanded for further proceedings.  See *McKay v Ferensic*, unpublished opinion of the Court of Appeals, entered September 22, 1998 (Docket No. 1998).  See also *McPartlin v RK Equipment Repair, Inc*, unpublished opinion of the Court of Appeals, entered July 6, 2023 (Docket No. 359584) ("[T]he trial court offered no explanation whatsoever for its decisions on the motions.  When no explanation is provided, the parties have no idea why the trial court ruled as it did, the attorneys are hamstrung in trying to present issues for appellate review, and this Court is forced to analyze the rulings of the trial court without the benefit of any reasoning to support the decisions before us.  Surely there is a better way, and we trust that the trial court will provide much more support for its decisions in the future.").